<hr />

HIRAM WALKER & SONS, Limited, v. MIKOLAS et al.

(Circuit Court, D. Minnesota, Fourth Division. April 8, 1897.)

TRADE-MARKS.

A firm engaged in the United States in bottling and selling whiskey under the name of "Canadian Rye Whiskey," in bottles and with labels, bands, and devices so nearly resembling those upon the bottles of a corporation engaged in Canada in manufacturing and selling whiskey under the name of "Canadian Club Whiskey" as to constitute unfair competition, and evidence an intent to deceive purchasers, will be restrained from the use of the words "Canadian Rye Whiskey" and of the bands and labels mentioned.

V. J. Welch and Frank Hubachek, for complainant.
Simon Meyers, for defendants.

LOCHREN, District Judge. Hearing was had at the court room in the federal building in the city of Minneapolis, in said district, on Saturday, the 19th day of December, 1896, upon the order requiring the defendants above named to show cause why they should not be restrained during the pendency of this action as prayed in the bill of complaint and set forth in the order to show cause. Both parties appeared by counsel, and were heard. From the showing presented, it appears that the complainant, since its incorporation, in 1890, and the partnership of Hiram Walker & Sons, its predecessor prior to that time, were and have been engaged in the manufacture, distilling, and sale of whiskey at Walkerville, in the province of Ontario and dominion of Canada, using the name "Canadian Club Whiskey" as the trade-mark to distinguish such whiskey from whiskey manufactured by others, and that the complainant, upon its incorporation, succeeded to and acquired the business of said former partnership, and its right to the said name and trade-mark, which name and trade-mark had never before been used; that the whiskey so manufactured, distilled,

and sold by said complainant has become favorably known, and has been introduced and sold in large quantities in the United States and elsewhere, and is only known to the trade and to the public by the said name, "Canadian Club Whiskey"; that all the allegations of said bill respecting the sale of such whiskey in bottles, and respecting such bottles and the labels used thereon, and the words and devices upon such labels, and the registration of complainant's trade-marks, and the granting of certificate of such registry, and respecting the corks and capsules of said bottles, and the letters and figures thereon, and respecting other stamps and devices upon such bottles, are true as stated in said bill; that the defendants, prior to the commencement of this suit, have at Minneapolis, in the state of Minnesota, been engaged in the business of bottling and selling whiskey under the name of "Canadian Rye Whiskey," in bottles and with labels, devices, corks, capsules, bands, lettering, words, and figures as described, stated, and alleged in complainant's bill of complaint.

The defendants have the right to use bottles of the same common kind used by the complainant. But the labels, bands, capsules, and the words, lettering, and devices thereon, are made in every respect to resemble those used upon the bottles of complainant, and are placed by the defendants upon its bottles so exactly like those upon complainant's bottles as to be likely to deceive persons intending to purchase the whiskey made by the complainant. I think that the use by the defendants of the words "Canadian Rye Whiskey," and of the crown and diamond upon the label, in such way as to so nearly resemble complainant's trade-marks, constitutes an infringement of such trade-marks; and that all the labels, bands, capsules, devices, words, and lettering upon defendants' bottles so nearly simulate those upon complainant's bottles as to constitute unfair competition, intended to deceive purchasers and appropriate the trade of complainant. N. K. Fairbank Co. v. R. W. Bell Manuf'g Co., 23 C. C. A. 554, 77 Fed. 869.

This conclusion is strengthened by the fact that the statements upon defendants' labels, bands, and capsules are untrue, and intended to mislead purchasers. It is admitted that the whiskey bottled and sold by defendants as "Canadian Rye Whiskey" is not made in Canada. The statement on the labels that the whiskey is distilled and bottled by H. S. Ramsay & Sons, London, Ontario, is untrue, and no such firm is in existence. The intent of the defendants to deceive the public, and appropriate the benefits of the favorable reputation of complainant's whiskey, is further shown by the fact that defendants, before the commencement of this action, procured to be made a large quantity of labels exactly like the labels of complainant in every particular. A temporary injunction may issue, restraining the defendants from the use of the words "Canadian Rye Whiskey," and from the use of the labels and bands above referred to, during the pendency of this action.